Case 2:15-cr-00283-LSC-HNJ   Document 662-1   Filed 02/11/19   Page 1 of 5
Case: 17-15726   Date Filed: 01/10/2019   Page: 1 of 5

FILED
2019 Feb-11  PM 03:52
U.S. DISTRICT COURT
N.D. OF ALABAMA

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-15726
Non-Argument Calendar
_____

D.C. Docket No. 2:15-cr-00283-LSC-HNJ-21

UNITED STATES OF AMERICA,

                                Plaintiff-Appellee,

versus

TIMOTHY JOSEPH AUBRY,
a.k.a. Tweety,
a.k.a. FNU LNU,

                                Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(January 10, 2019)

Before MARCUS, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

Timothy Aubry appeals his lifetime supervised release term.  He argues that his lifetime supervised release term was procedurally unreasonable because the district court failed to adequately explain its decision, and substantively unreasonable because the district court ignored 18 U.S.C. § 3553(a)'s mandate to impose a sufficient term no greater than necessary.

We generally review the reasonableness of a sentence under a deferential abuse-of-discretion standard of review.  *Gall v. United States*, 552 U.S. 38, 41 (2007).  We determine, first, whether the district court committed any significant procedural error, and second, whether the sentence was substantively reasonable under the totality of the circumstances.  *United States v. Turner*, 626 F.3d 566, 573 (11th Cir. 2010).

In analyzing a sentence for significant procedural error, we examine factors such as whether the district court failed to calculate (or improperly calculated) the guideline range, treated the guidelines as mandatory, failed to consider the § 3553(a) factors, selected a sentence based on clearly erroneous facts, or failed to adequately explain the chosen sentence.  *Gall*, 552 U.S. at 51.  A district court, in explaining its sentence, is not required to explicitly articulate its consideration of each sentencing factor, so long as the record reflects the court's consideration of many of those factors.  *United States v. Ghertler*, 605 F.3d 1256, 1262 (11th Cir. 2010); *but see United States v. Livesay*, 525 F.3d 1081, 1093 (11th Cir. 2008) (holding a district

court's sentence was procedurally unreasonable where it failed to give any reasoning or indication of an explanation beyond listing the § 3553(a) factors).

Where a district court offers a party an opportunity to object and that party does not object to procedural reasonableness at the time of sentencing, we review for plain error. *United States v. Vandergrift*, 754 F.3d 1303, 1307 (11th Cir. 2014). In order to establish plain error, a party must show that (1) the district court erred; (2) the error was plain; and (3) the error affected the party's substantial rights. *United States v. Olano*, 507 U.S. 725, 732 (1993). If all three conditions are met, we may exercise our discretion to notice a forfeited error, but only if the error seriously affected the fairness, integrity, or public reputation of judicial proceedings. *Id.*

We look at whether the sentence is substantively reasonable under the totality of the circumstances. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010). The weight accorded to any given § 3553(a) factor is a matter committed to the sound discretion of the district court. *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007). A district court, however, abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight; (2) gives significant weight to an improper or irrelevant factor; or (3) commits a clear error of judgment in considering the proper factors. *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*). We will remand only if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors. *Id.* at 1190.

Congress intended supervised release to assist individuals in their transition to community life, and thus supervised release fulfills rehabilitative ends, distinct from those served by incarceration. *United States v. Johnson*, 529 U.S. 53, 59 (2000). Accordingly, "[s]entencing courts, in determining the conditions of a defendant's supervised release, are required to consider, among other factors, 'the nature and circumstances of the offense and the history and characteristics of the defendant,' 'the need . . . to afford adequate deterrence to criminal conduct; . . . to protect the public from further crimes of the defendant; . . . and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment.'" *Id.* at 59-60 (quoting 18 U.S.C. § 3553(a)). Additionally, we may consider a defendant's ability to petition the district court for modification of the conditions of supervised release when weighing reasonableness under the totality of the circumstances. *See United States v. Trailer*, 827 F.3d 933, 937-38 (11th Cir. 2016).

Here, the district court did not procedurally err, plainly or otherwise, when it sentenced Aubry to a lifetime term of supervised release because it adequately explained the basis for the sentence and the record indicates its consideration of several of the applicable § 3553(a) factors including the nature and circumstances of Aubry's offense, his history and characteristics, and the need to provide him with correctional treatment. Furthermore, the supervised release term is not substantively

unreasonable in light of the applicable § 3553(a) factors and the totality of the circumstances.

**AFFIRMED**.